UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED, and SYMANTEC CORPORATION,  Plaintiffs,  -v-  LITTLE SOFT SHOP, LLC, and DAVID THOMPSON, individually and d/b/a "Little Soft Shop" and "littlesoftshop.com,"  Defendant. | CIVIL ACTION NO.  December 21, 2011 |

### COMPLAINT

Plaintiffs ADOBE SYSTEMS INCORPORATED ("Adobe"), and SYMANTEC CORPORATION ("Symantec"), referred to collectively hereinafter as "Plaintiffs," by and through their undersigned attorneys, allege as follows:

### INTRODUCTION

1. Plaintiffs bring this action to obtain injunctive relief and recover damages arising from the infringement of its copyrights by the defendants, LITTLE SOFT SHOP, LLC ("LSS"), and DAVID THOMPSON, individually and d/b/a "Little Soft Shop" and "littlesoftshop.com" ("Thompson") (LSS and Thompson are referred to collectively as "Defendants").

1

## PARTIES

2.      Adobe is a Delaware corporation with its principal place of business in San Jose, California. Adobe develops, advertises, markets, distributes, and licenses digital media creation and editing software, multimedia editing software, and web development software for computers, including Adobe® Creative Suite® 5.5 Web Premium, Adobe® Photoshop®, and other Adobe® products.

3.      Symantec is a Delaware corporation with its principal place of business in Mountain View, California. Symantec develops, advertises, markets, distributes, and licenses security software for computers, including Norton® AntiVirus, Norton Internet Security®, and other Norton® products (collectively, "Norton Software").

4.      Upon information and belief, Defendant LSS is a Florida limited liability company with principal place of business in Florida.  LSS has offered, distributed, and/or sold software products in interstate commerce and online, including via the LSS website, www.littlesoftshop.com (the "Website").

5.      Upon information and belief, Defendant Thompson is an individual who has personally participated in the offering, distribution, and/or sale of software products in interstate commerce and online, including via the Website, and who, upon information and belief, resides in and is a citizen of the state of Florida. Upon information and belief, Thompson personally participated in and/or had the right and ability to supervise, direct and control the wrongful conduct alleged in this Complaint, and derived direct financial benefit from that wrongful conduct.

**JURISDICTION AND VENUE**

6.     This Court has subject matter jurisdiction over Plaintiffs' claims arising under federal law pursuant to 17 U.S.C. § 501, *et seq.* (copyright infringement), and 28 U.S.C. §§ 1331 and 1338(a).

7.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the District, and Defendants have a sufficient connection with the District to make venue proper.  Specifically, Defendants have made one or more infringing sales in this District.  The details of Defendants' infringing sales are alleged in this Complaint.

**GENERAL ALLEGATIONS**

**Introduction**

8.     Plaintiffs are in the business of, and make and continue to make a substantial investment of time, effort and expense in, designing, developing, testing, manufacturing, publishing, marketing, distributing, and licensing computer software programs recorded on various media for use on personal computers.  Plaintiffs have all gained a worldwide reputation for quality and reliability regarding their computer software programs.

9.     Widespread copying, sales and distributions of unauthorized and/or unlawful computer software programs – often referred to as "software piracy" – causes significant harm to software developers such as Plaintiffs and undermines investments in legitimate software products.

10. Plaintiffs bring this action as a result of Defendants' systematic unauthorized distribution of Plaintiffs' software products through sales conducted over the internet, including the Website, at which Defendants offer numerous software titles for sale. Defendants' actions detailed in this Complaint were and continue to be undertaken willfully and intentionally and have caused and are continuing to cause substantial damage and irreparable harm to Plaintiffs and the software industry.

11. Plaintiffs own the copyrights that are the subject of this litigation, including the copyright registrations identified in Exhibits A-B.

12. Plaintiffs are informed and believe and therefore allege that Defendants have, without authorization, offered for sale, sold, and/or distributed unauthorized copies of Plaintiffs' copyrighted computer software programs.

13. Defendants' actions constitute willful violations of Plaintiffs' rights under the Copyright Act. Plaintiffs request that the Court enter an injunction against Defendants and award Plaintiffs damages, costs, and attorney's fees.

**The Business of Adobe**

14. Adobe develops, advertises, markets, distributes and licenses a number of computer software programs and related products, including, but not limited to

   a. Adobe® Creative Suite® 5.5 Web Premium software, which is a suite of numerous component software products including Adobe Acrobat X

Pro, Adobe Bridge CS5, Adobe Contribute CS5, Adobe Device Central CS5.5, Adobe Fireworks CS5, Adobe Flash Builder 4.5 Premium Addition, Adobe Flash Catalyst CS5.5, Adobe Flash Professional CS5.5, Adobe Illustrator CS5, Adobe Media Encoder CS5.5, Adobe Photoshop CS5 Extended (referred to collectively hereinafter as the "Adobe Software").

15. Adobe Software is recorded and distributed on CD-ROMs and/or other media, and also distributed via authorized electronic download.

16. Adobe Software contains original expressive elements that are fixed in a tangible medium of expression, and thus is copyrightable under U.S. copyright law.

17. Adobe, in compliance with the Copyright Act and U.S. Copyright Office procedures, has duly registered the Adobe Software at issue in this case, and possesses the Certificates of Registration for such software.  See Exhibit A, incorporated herein by reference.

18. Since registration, Adobe Software has been published and distributed by Adobe or under its authority, in compliance with U.S. copyright law.

19. Adobe has not authorized Defendants to copy, reproduce, duplicate, disseminate, or distribute Adobe Software.

### The Business of Symantec

20. Symantec develops, advertises, markets, distributes and licenses a number of computer software programs and related products, including, but not limited to, Norton Internet Security® 2011 and Norton® AntiVirus 2011 (the "Norton Software"). Norton Software programs are recorded and distributed on CD-ROMs and/or other media, and are also distributed via authorized electronic download.

21. Norton Software contains original expressive elements that are fixed in a tangible medium of expression, and thus is copyrightable under U.S. copyright law.

22. Symantec, in compliance with the Copyright Act and U.S. Copyright Office procedures, has duly registered the Norton Software at issue in this case, and possesses the Certificates of Registration for such software.  See Exhibit B, incorporated herein by reference.

23. Since registration, the Norton Software at issue in this case has been published and distributed by Symantec or under its authority, in compliance with U.S. copyright law.

24. Symantec has not authorized Defendants to copy, reproduce, duplicate, disseminate, or distribute Norton Software.

### Defendants' Unlawful Conduct

25. Defendants advertise and distribute software products via the internet, including the Website, and by other means. Upon information and belief, Defendants use the Website and the internet to advertise, sell, and distribute unauthorized and

unlawful computer software products to consumers throughout the United States, including Connecticut.

26. Defendants' primary sales vehicle, the Website, lists numerous software titles.

27. Plaintiffs are informed and believe and therefore allege that Defendants have used the internet, including without limitation the Website, to advertise, offer for sale, sell and distribute unauthorized copies, or copies of unauthorized derivative works, of the Adobe Software, and the Symantec Software (referred to collectively hereinafter as the "Computer Software Products") to consumers throughout the United States, including Connecticut. Specifically, Defendants intentionally – and admittedly – distribute out-of-channel, out-of-region versions of Plaintiffs' software, including: academic software to non-academic customers; Asia Pacific Region software to other regions, and combinations thereof (e.g., Asia Pacific Region academic software, to out-of-region, non-academic customers).

28. Plaintiffs are informed and believe and therefore allege that Defendants have engaged in such acts willfully and intentionally.

29. By selling and/or distributing infringing copies of Plaintiffs' software in and to the District of Connecticut, Defendants availed himself of Connecticut and its laws, and knew or reasonably should have anticipated being haled into court in Connecticut to account for the damage and harm suffered arising out of the infringing sales made to and in this District.

Case 3:11-cv-01975-JBA   Document 1   Filed 12/21/11   Page 8 of 15

## Count One

### [Copyright Infringement, 17 U.S.C. § 501, *et seq.*]

30.     Plaintiffs repeat and incorporate by this reference each and every allegation set forth in paragraphs 1 through 29, inclusive.

31.     Plaintiffs are the sole owners and licensors of the copyrighted Computer Software Products alleged herein, as well as related software and components, including user reference manuals, user guides, screen displays and/or product packaging covered by Plaintiffs' registered copyrights, as reflected in the attached Certificates of Registration.

32.     Defendants have infringed the copyrights in Plaintiffs' software, including but not limited to the Computer Software Products described herein and covered by Plaintiffs' registered copyrights and Certificates of Registration, by distributing infringing copies of such software without the approval or authorization, and in contravention of express restrictions, of Plaintiffs.

33.     Defendants' conduct has been willful within the meaning of the Copyright Act.  At a minimum, Defendants have acted with willful blindness to and in reckless disregard of Plaintiffs' registered copyrights.

34.     As a result of their wrongful conduct, Defendants are liable to Plaintiffs for copyright infringement. Plaintiffs have suffered, and will continue to suffer, substantial losses, including, but not limited to, damage to their goodwill and business reputation. Plaintiffs are entitled to recover damages, which include their losses and all profits Defendants have made as a result of their wrongful conduct,

8

pursuant to 17 U.S.C. § 504(b).

35.     Alternatively, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c). In addition, because Defendants' conduct has been willful within the meaning of the Copyright Act, the award of statutory damages should be enhanced pursuant to 17 U.S.C. § 504(c)(2).

36.     Plaintiffs also are entitled to injunctive relief pursuant to 17 U.S.C. § 502. Plaintiffs have no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Plaintiffs' copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Plaintiffs' goodwill and business reputation such that Plaintiffs could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Plaintiffs, is continuing.

37.     Plaintiffs also are entitled to recover their attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment against Defendants as follows:

1) That the Court enter a judgment against Defendants finding:

   a. that Defendants have directly, contributorily and/or vicariously infringed, and/or improperly induced the direct infringement of, Plaintiffs' rights in its Computer Software Products, including its registered copyrights, in violation of 17 U.S.C. § 501; and

   b. that Defendants have otherwise injured Plaintiffs' goodwill and business reputation by the acts and conduct set forth in this Complaint.

2) That the Court issue temporary and/or preliminary injunctive relief enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert or conspiracy with Defendants or affiliated with Defendants, from:

   a. directly infringing, and/or contributorily or vicariously infringing, or improperly inducing the direct infringement of, Plaintiffs' Computer Software Products;

   b. otherwise infringing, and/or contributorily or vicariously infringing, or improperly inducing the direct infringement of, any of Plaintiffs' copyrights;

      c. destroying any copies of software products, components, materials, or documents, including without limitation electronic files or business records, that relate or pertain to:

          i. the copying, reproduction, advertisement, offering for sale, sale, distribution, or use of, or transmission or receipt of any payment for, Plaintiffs' Computer Software Products; or

          ii. the direct or secondary infringement of Plaintiffs' copyrights.

      d. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a)-(c) above.

3) That the Court issue a permanent injunction making permanent the orders requested in paragraphs 2(a) through (d) of this Prayer for Relief;

4) That the Court order Defendants to pay Plaintiffs' general, special, actual, and statutory damages as follows:

      a. Plaintiffs' damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) or, alternatively, enhanced statutory damages pursuant to 17 U.S.C. § 504(c) and 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Plaintiffs' copyright(s);

5) That the Court enter an order, pursuant to 17 U.S.C. §§ 504(b),

requiring Defendants to prepare an accounting of all "profits" received by Defendants from their violations of the Copyright Act.

6) That the Court enter an order, pursuant to 17 U.S.C. §§ 504(b), declaring that Defendants hold in trust, as constructive trustees for the benefit of Plaintiffs, all "profits" received by Defendants from their violations of the Copyright Act, and issue temporary, preliminary and permanent injunctive relief enjoining and restraining Defendants and their agents from transferring, concealing or dissipating all profits and assets acquired in whole or in part with those profits.

7) That the Court issue an order requiring Defendants within, thirty (30) days after service of an injunction, to file with this Court and serve on Plaintiffs a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

8) That the Court order preliminary relief impounding all infringing copies of Plaintiffs' computer software programs, as well as articles used to facilitate infringement, in Defendants' possession or control, and, upon judgment, enter an appropriate order regarding the disposition of same;

9) That the Court award Plaintiffs their reasonable attorney's fees pursuant to 17 U.S.C. § 505;

10) That the Court award Plaintiffs their costs of suit incurred herein; and

11) That the Court grant to Plaintiffs such other and additional relief as is just and proper.

Dated this 21st day of December, 2011.

        THE PLAINTIFFS
        ADOBE SYSTEMS INCORPORATED
        AND SYMANTEC CORPORATION,

By: _____/s/_____
    Brian C. Roche (ct17975)
    Gerald C. Pia, Jr. (ct21296)
    Roche Pia, LLC
    Two Corporate Drive, Suite 248
    Shelton, CT 06484
    Phone: (203) 944-0235
    Fax: (203) 567-8033
    E-mail: broche@rochepia.com
           gpia@rochepia.com

**Exhibit A**

| Software | Registration Number |
|---|---|
| Adobe Creative Suite 5.5 Web Premium | TX0007409502 |
| Adobe Acrobat X Pro | TX0007358035 |
| Adobe Contribute CS5 | TX0007270592 |
| Adobe Device Central CS5.5 | TX0007404792 |
| Adobe Fireworks CS5 | TX0007270908 |
| Adobe Flash Builder 4.5 Premium Edition | TX0007405333 |
| Adobe Flash Catalyst CS5.5 | TX0007405294 |
| Adobe Flash Professional CS5.5 | TX0007270587 |
| Adobe Illustrator CS5 | TX0007270588 |
| Adobe Media Encoder CS5 | TX0007270590 |
| Adobe Photoshop CS5 Extended | TX0007285454 |

# Exhibit B

*Norton Antivirus 2011.*

| | |
|---:|:---|
| Type of Work: | Computer File |
| Registration Number / Date: | TX0007363683 / 2011-02-03 |
| Application Title: | Norton Antivirus 2011. |
| Title: | Norton Antivirus 2011. |
| Description: | Electronic file (eService) |
| Copyright Claimant: | Symantec Corporation. Address: 350 Ellis Street, Mountain View, CA, 94043, United States. |
| Date of Creation: | 2010 |
| Date of Publication: | 2010-09-08 |
| Nation of First Publication: | United States |
| Authorship on Application: | Symantec Corporation, employer for hire; Domicile: United States; Citizenship: United States. Authorship: text, computer program, user manuals. |
| Previous Registration: | 2009, TX6929365. |
| Pre-existing Material: | text, computer program, user manuals. |
| Basis of Claim: | text, computer program, user manuals. |
| Rights and Permissions: | Michele Ardizzone, Symantec Corporation, 350 Ellis Street, Mountain View, CA, 94043, United States, (650) 527-5115, michele_ardizzone@symantec.com |
| Names: | Symantec Corporation |

*Norton Internet Security 2011.*

| | |
|---:|:---|
| Type of Work: | Computer File |
| Registration Number / Date: | TX0007363705 / 2011-02-03 |
| Application Title: | Norton Internet Security 2011. |
| Title: | Norton Internet Security 2011. |
| Description: | Electronic file (eService) |
| Copyright Claimant: | Symantec Corporation. Address: 350 Ellis Street, Mountain View, CA, 94043, United States. |
| Date of Creation: | 2010 |
| Date of Publication: | 2010-09-08 |
| Nation of First Publication: | United States |
| Authorship on Application: | Symantec Corporation, employer for hire; Domicile: United States; Citizenship: United States. Authorship: text, computer program, user manuals. |
| Previous Registration: | 2010, TX7172194. |
| Pre-existing Material: | text, computer program, user manuals. |
| Basis of Claim: | text, computer program, user manuals. |
| Rights and Permissions: | Michele Ardizzone, Symantec Corporation, 350 Ellis Street, Mountain View, CA, 94043, United States, (650) 527-5115, michele_ardizzone@symantec.com |
| Names: | Symantec Corporation |